Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001356
10-JUN-2015
08:35 AM

NO. CAAP-14-0001356

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

BANK OF AMERICA, N.A., Plaintiff-Appellee,
v.
MICHAEL JEAN PANZO, Defendant-Appellant,
and
EWA BY GENTRY COMMUNITY ASSOCIATION, Defendant-Appellee,
and
JOHN DOE 1-50; JANE DOES 1-50;
DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50;
DOE ENTITIES 1-50; and DOE GOVERNMENTAL UNITS 1-50

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0152)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over the appeal that Defendant-Appellant Michael Jean Panzo (Appellant Panzo) has asserted from the Honorable Bert I. Ayabe's November 3, 2014 minute order announcing the circuit court's intent to enter a future written order denying Appellant Panzo's September 18, 2014 post-judgment motion for relief from a July 2, 2014 judgment on a decree of

foreclosure pursuant to Rule 60(b) of the Hawai'i Rules of Civil Procedure (HRCP), because the record on appeal for appellate court case number CAAP-14-0001356, filed on February 4, 2015, does not contain a written post-judgment order resolving Appellant Panzo's September 18, 2014 post-judgment HRCP Rule 60(b) motion.

Hawaii Revised Statutes (HRS) § 667-51(a)(1) (Supp. 2014) authorizes an appeal from a judgment on a decree of foreclosure, and HRS 641-1(a) (1993 & Supp. 2014) authorizes an appeal from a post-judgment order denying a post-judgment HRCP Rule 60(b) motion for relief from the judgment. Ditto v. McCurdy, 103 Hawai'i 153, 160, 80 P.3d 974, 981 (2003). However, the circuit court has not yet entered a written order denying Appellant Panzo's September 18, 2014 post-judgment HRCP Rule 60(b) motion for relief from the July 2, 2014 judgment on a decree of foreclosure. The reflection of the circuit court's rulings in the circuit court minutes, which are commonly referred to as "minute orders," do not contain the written order of a judge, and, consequently, "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added); Torres v. Torres, 100 Hawai'i 397, 407, 60 P.3d 798, 808 (2003) ("The family court's September 24, 1999 minute order, notifying the parties that it had decided in favor of Margot, did not 'embody' or 'announce' appropriate orders; the court's reasoning and precise contours of its decision remained to be expressed in the written order."); State v. English, 68 Haw. 46, 52, 705 P.2d 12, 16 (1985) ("Though the substance of the court's decision is

captured in the minutes of court proceedings kept by the clerk who attended the hearing, they do not substitute for the requisite written document; they are merely prepared for the court's own use. RCCH Rule 27." (Footnote, brackets and internal quotation marks omitted)); Glover v. Grace Pacific Corporation, 86 Hawai'i 154, 162, 948 P.2d 575, 583 (App. 1997) ("The [circuit] court's minute order of September 14, 1993[,] was not the 'requisite written' order which could be enforced."). Absent the circuit court's entry of a written post-judgment order denying Appellant Panzo's September 18, 2014 post-judgment HRCP Rule 60(b) motion for relief from the July 2, 2014 judgment on a decree of foreclosure, we lack appellate jurisdiction and Appellant Panzo's appeal is premature.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-14-0001356 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 10, 2015.

Presiding Judge

Associate Judge

Associate Judge